C. LAURENCE KELLS, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30144.)

RELIABLE MOTORS, INC., OF CATSKILL, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30145.)

JOHN MALASKY, INC., Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 30146.)

Court of Claims, October 29, 1951.

*Joseph Besch, Jr.,* for C. Laurence Kells and another, claimants.

*James H. Glavin, Jr.,* for John Malasky, Inc., claimant.

*Nathaniel L. Goldstein, Attorney-General (George R. Davis* of counsel), for defendant.

YOUNG, J. The facts in each of the above-entitled cases are substantially the same. An automobile was stolen in New Jersey and a man, presumably the thief, appeared before the County Clerk of Columbia County, New York, seeking registration of the stolen car. By virtue of section 50 of the Vehicle and Traffic Law, the Columbia County Clerk is the agent of the Commissioner of Motor Vehicles of the State of New York for the purpose of registering such vehicles.

The thief presented an application for registration and an instrument purporting to be a bill of sale. The County Clerk, after checking the application against the bill of sale to see if the motor and serial numbers corresponded, marked the application " B. of S. App.", meaning bill of sale approved, and issued the license and registration. The bill of sale was then returned to the applicant.

The thief on the same day brought the car to the claimant automobile dealer and negotiated for its sale. The dealer first checked the car for its engine and serial numbers and saw that they corresponded with those on the registration. Then he checked the various filing offices in the vicinity, including the Columbia County Clerk's, to ascertain if there were any liens or encumbrances against the automobile. The car was then bought by the dealer.

It is significant to note that in every instance the thief gave a home address relatively close to the place of business of the dealer, and that investigation by the dealer after the purchase disclosed that the address was nonexistent.

Thereafter the dealer discovered that the car was stolen and it was returned to its rightful owner. The dealer now brings suit against the State for the amount paid for the car, maintaining that the County Clerk was negligent in issuing the certificate of registration.

*Paglia* v. *State of New York* (278 App. Div. 281) has recently discussed and adjudicated the legal effect upon subsequent purchasers of the manner in which a County Clerk issues an automobile registration. In reversing a finding of the Court of Claims that the State was negligent, the court, at page 286, said: " We do not find that there is anything in the statute or in legislative intent to impose a duty on the State to a subsequent purchaser in the registration of motor vehicles."

The *Paglia* case holds that a prospective purchaser is not entitled to rely on a certificate of registration, even though accompanied by possession of the car described, as being conclusive that the prospective seller has good title to the car, and for the purchaser to do so opens the door to contributary negligence. " Common prudence or ordinary care required him to make some inquiry concerning the person he was dealing with, particularly when that person was attempting to sell a practically new car that had been licensed under his name for only a few days, and also concerning the former owner of the automobile." (*Paglia* v. *State of New York, supra,* p. 287.)

We find nothing in the facts of these claims to put them beyond the scope of the *Paglia* case.

The claims are dismissed in accompanying decisions.